## No. 12,887.

### SUPPERSTEIN *v.* WOODS.
(40 P. [2d] 622)

Decided December 18, 1933. On rehearing original opinion adhered to en banc December 31, 1934.

Mr. William G. Stewart, Mr. Phillip Hornbein, Messrs. Alter & Upton on petition for rehearing, for plaintiff in error.

Messrs. Strachan & Horn, Mr. Gerald W. Bennnett, for defendant in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

A. J. Woods, defendant in error, plaintiff below, brought suit against Louis Supperstein, plaintiff in error here, in which he sets forth two causes of action: one for alienation of affections, the other for criminal conversation. The trial court directed a nonsuit on the second, and the jury returned a verdict against the defendant on the first cause, upon which, after motion for new trial by the defendant was overruled, the court entered judgment. The defendant is here with this writ of error.

In the defendant's answer to the complaint as to each of the causes of action is a general denial of its material allegations and therein is included a general demurrer. There was no affirmative defense in the answer. Much of the brief of the plaintiff in error is pertinent only to the cause of action based upon criminal conversation which by order of the court was withdrawn from the consideration of the jury. We shall, therefore, consider only the issue upon the one cause of action, alienation of affections, upon which the jury returned the verdict and upon which the judgment now complained of was rendered. The complaint as to this cause of action, in substance, is that the plaintiff Woods and his wife Myrtle were married in the state of Oklahoma in August, 1900, and ever

since that time have been husband and wife; that from and after the time of the marriage and until the interference on the part of the defendant, the wife was deeply attached to, and loved and cherished by, the plaintiff and but for the wrongful and malicious actions of the defendant would have continued so to be. There were born as the issue of said marriage seven children, only one of whom was living at the time of the alleged alienation of affections, a boy about five or six years of age. Plaintiff and his wife were acquainted with the defendant for seven or eight years prior to July 17, 1930. Defendant had been an occasional visitor at their home and he knew that plaintiff and his wife were happily married and enjoyed the confidence, affections and associations of each other. In June, 1930, plaintiff procured work on a ranch outside of the city of Colorado Springs, where their home had been for several years, and this work took plaintiff away from his home for days or weeks at a time and during such absences defendant became a frequent visitor at plaintiff's home, and wilfully and intentionally, and for the purpose of injuring the plaintiff and to deprive him of the love, affection and association of the society of his wife, and for the purpose of gaining her affections, the defendant made advances to her and professed great love and affection for her and as a result thereof alienated her affections from the plaintiff and gained her affections for himself, to plaintiff's great damage and for the wrongs thus inflicted upon plaintiff, he asked judgment in a large sum of money.

■ It is not necessary to discuss the second cause of action, which was for criminal conversation, because, as stated, it was withdrawn from consideration of the jury and a nonsuit as against plaintiff was entered thereon.

■ A diligent study of the pleadings of the parties and the testimony, responsive to the allegations of the complaint charging defendant with the alienation of the affections of the plaintiff's wife, convinces us that the verdict of the jury in plaintiff's favor and the award to

him in the sum of $4,000 actual damages and $3,000 exemplary damages, was abundantly sustained by the evidence, and that no prejudicial error was committed by the trial court during the course of the trial with respect to objections to the evidence interposed by the defendant.

We do not deem it necessary to reproduce the unsavory evidence upon which the jury based its verdict. It is sufficient merely to say that there was direct and positive evidence in behalf of the plaintiff abundantly sustaining every material allegation of the charge in the complaint that the defendant had alienated the affections of plaintiff's wife. The ingenious argument of the plaintiff in error is to the effect that a husband may not legally complain of a wrong which he himself has invited, and counsel state as a rule of conduct binding upon a husband who suspects his wife of infidelity that: "He may properly watch his wife whom he suspects of adultery, in order to obtain proof of that fact. He may do it with the hope and purpose of getting a divorce if he obtains sufficient evidence. He must not, however, make opportunities for her, though he may leave her free to follow opportunities which she has herself made. He is not obliged to throw obstacles in her way, but he must not smooth her path to the adulterous bed." To this proposition counsel cite a number of cases, among others *Wilson v. Wilson,* 154 Mass. 194, 28 N. E. 167, and *Kohlhoss v. Mobley,* 102 Md. 199, 62 Atl. 236. It will be observed from the foregoing quotation that its language was used by the courts in cases where the charges made were criminal conversation and not alienation of affections and much of the argument of the defendant, plaintiff in error in this case, as stated, has no bearing upon the charge of alienation of affections which was the one upon which the trial was had and upon which the verdict of the jury was based.

Counsel further say that the trial court committed error in refusing testimony offered in behalf of the defendant tending to show that plaintiff and his wife conspired together to decoy defendant into a compromis-

ing situation. This argument and contention of learned counsel have no application, upon the evidence produced, to the cause of action based upon alienation of affections which was the cause of action upon which the case was tried and submitted to the jury by the trial court, and which took place long before the time when the alleged act of adultery was committed. This argument as to adultery has no pertinency, because the jury did not find the defendant guilty of that charge.

The verdict of the jury and the judgment of the court thereupon on which the plaintiff in error is entitled to be heard upon this review, are restricted to the charge, and the evidence produced to support the same, of alienation of affections. We have read the testimony as contained in the transcript and deem it abundantly sufficient to sustain the verdict of the jury upon the only issue that was tried and submitted to it—alienation of affections. We think it is a fair conclusion that the defendant's entire argument in support of a reversal of the judgment is directed chiefly, if not entirely, to the cause of action charging criminal conversation which was withdrawn from consideration of the jury. The only opportunity claimed by the defendant to have been created by the plaintiff himself was on the night of July 17, and the evidence is uncontradicted that the alienation of affections had at that time, and long before, been completely effected. We reiterate that there is nothing in this record that justifies the conclusion that plaintiff connived at, or created, the opportunities for the defendant to alienate his wife's affections. Such a defense, in the light of the evidence produced, was not applicable to the cause of action upon which the jury based its verdict.

■ There is a further point raised by defendant's counsel which demands brief consideration. After the plaintiff was convinced, as he says, that he had been deprived by the defendant's conduct of the love and affection of his wife, he brought an action against her for a dissolution of the marriage relation and obtained a de-

cree of divorce in the case of Woods v. Woods. This de-
cree was rendered before the action in the pending cause
was tried. The plaintiff offered this decree in evidence
and it was admitted by the trial court. The defendant
objected to its introduction upon the ground that the de-
cree, or findings upon which the decree was based, do not
constitute evidence or an estoppel against the defendant.
The court admitted the same, however, because he con-
sidered it a part of the res gestae of the case and because
of its tendency to show that a separation of the plaintiff
and his wife had taken place, but it cannot be received for
some or any other purpose. The defendant thus replied:
"The part I am objecting to is the grounds of the di-
vorce." The court in one of its instructions to the jury
upon this feature of the case said: "You are instructed
that the Court permitted to be introduced in evidence the
findings of fact and conclusions of law and the decree of
divorce entered in a cause determined between this plain-
tiff and his wife which can be considered by the jury for
the purpose of showing the loss of affections of his wife
and not for the purpose of showing that she committed
adultery with this defendant." It is apparent from this
that there is no error in the court's instructions which
related to a cause of action based upon adultery and not
upon alienation of affections. This testimony, even if
technically erroneous, which we do not say it was, was
not prejudicial to the defendant because it did not relate
to the cause of action upon which the verdict of the jury
was based. In other words, even if it be conceded that
the court was wrong in admitting the decree, it was error
without prejudice.

There is a further objection argued by counsel
for the defendant that the court committed error in ad-
mitting the statements to the plaintiff which were made
by his son to the effect that the defendant had been at
his father's house during the latter's absence when inter-
views and opportunities were open to him for improper
relations with the wife. We can see no possible error in

this ruling. The fact that the son, five or six years of age, told his father that during his absence the defendant had been at their house was legitimate evidence to be considered in connection with all the other evidence in the case for the purpose of its tendency to show that opportunities were availed of by the defendant to visit with the plaintiff's wife during his absence.

This judgment we think might have been sustained upon other grounds than those discussed in this opinion. Indeed, considering the record in its entirety no other conclusion could properly have been reached by the jury or the trial court. The only defenses interposed by the defendant in the trial below and urged in his briefs here that have any merit at all apply not to the cause of action based upon alienation of affections. The evidence in support thereof and the rulings of the court on objections to testimony are pertinent only to criminal conversation which issue was eliminated by order of the court for a nonsuit as to such cause of action.

We have given to this record diligent investigation. The case of the defendant was well presented and tried below, as it has been upon this review by able and ingenious counsel. The jury evidently disbelieved the testimony of the defendant himself. In the very nature of things, in cases like the one before us direct and positive evidence of the witnesses, aside from the testimony of the parties themselves, would be difficult to obtain. If the jury believed the testimony of the plaintiff, and it evidently did, and we see nothing unreasonable in it, the verdict was a righteous one and the trial court approved of the jury's findings and entered judgment accordingly.

Judgment affirmed.

On rehearing, en banc, MR. JUSTICE HILLIARD, MR. JUSTICE BOUCK, and MR. JUSTICE HOLLAND dissent.